UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT ALAN BAILEY,<br><br>           Plaintiff,<br><br>v.<br><br>FRAN ABRAMO, *et al.*,<br><br>           Defendants. | 2:06-cv-00639-RLH-LRL<br><br>**ORDER and RECOMMENDATION** |

Before the court is plaintiff's Motion to Compel (#118). Also before the court is plaintiff's Motion for Rule 37 Sanctions (#122), asking that default judgment be entered against defendants for their alleged failure to comply with the federal discovery rules. Defendant filed an Opposition (#124), and plaintiff filed a Reply (#126), to the latter motion. Plaintiff did not undertake to resolve this discovery dispute informally without involving the court, pursuant to the good faith "meet and confer" requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b). Hence, neither default judgment nor an order compelling discovery is appropriate in this instance.

Plaintiff propounded discovery request nos. 1-10 to defendants in November and December 2008. Exhs. 1-10 to Mot. (#107). Plaintiff spoke with defense counsel telephonically on December 23, 2008 and January 30, 2009 regarding the status of defendants' responses to discovery request nos. 1-10. Reply (#126) at 2. On January 30, 2009, defendants filed a Motion for Enlargement of Time (#104) to respond to discovery request nos. 1-10. On February 3, 2009, the court granted defendants' motion. Order (#105). Defendants timely provided to plaintiff responses to discovery requests nos. 1-10 on or by February 6, 2009. Exhs. 1-10 to Suppl. (#109). On or by February 9, 2009, defendants provided to plaintiff responses to discovery request nos. 11-17. Mot. (#118) at 15-61. It appears that plaintiff propounded discovery request nos. 11-17 to defendants in January 2009. *See id.*

On February 10, 2009, plaintiff filed a Motion to Compel (#107) further responses to discovery request nos. 1-10. On February 23, 2009, plaintiff sent defense counsel a letter contesting the adequacy of defendants' responses to discovery request nos. 11-17. Exh. 1 to Mot. (#118). On March 15, 2009, plaintiff filed a Motion for an Order to Show Cause (#114) why the Nevada Department of Corrections' ("NDOC") inmate correspondence policy should not be found unconstitutional. On March 26, 2009, plaintiff filed a Motion for Leave to File Excess Pages (#116) and a Motion for Leave to File Second Amended Complaint (#115). On April 2, 2009, plaintiff filed a "Second Supplement" (#118) to his Motion to Compel (#107). (The Clerk of Court corrected the event type for Docket No. 118 and designated it a distinct motion to compel discovery on July 6, 2009.)

Defense counsel did not respond to plaintiff's February 23, 2009 letter regarding defendants' responses to discovery request nos. 11-17. *See* Exh. 1 to Mot. (#118). This failure was justified. Upon receiving the letter, defense counsel spent a substantial amount of time reviewing discovery request nos. 11–17 and defendants' responses thereto. Opp'n (#124) at 5. Each discovery request contains multiple interrogatories or document requests: Document Request No. 11 asks defendant Peden to answer four interrogatories, *see* Exh. 2 to Mot. (#118); Document Request No. 12 asks defendant Abramo to answer five interrogatories, *see id.*, Exh. 3; Document Request No. 13 asks defendant Poag to answer four interrogatories, *see id.*, Exh. 4; Document Request No. 14 asks defendant D'Amico to answer five interrogatories, *see id.*, Exh. 5; Document Request No. 15 asks defendant Scott to answer four interrogatories, *see id.*, Exh. 6; Document Request No. 16 asks defendants to provide to plaintiff seven categories of documents, including NDOC insurance policies, grievance reports, and photographs, settlement statements from past NDOC cases that did not involve plaintiff, and a list of all illnesses and injuries examined by the Lovelock Correctional Center medical staff between September 13, 2004 and September 15, 2004, *see id.*, Exh. 7; and Document Request No. 17 asks defendants to provide to plaintiff his medical records, *see id.*, Exh. 8.

Before defense counsel could fully respond to plaintiff's February 23, 2009 correspondence, her attention was understandably diverted to formulating responses to plaintiff's newly filed motions

(##114,115,116) seeking, among other things, default judgment and permission to file a second amended complaint. On March 31, 2009, defendants filed an Opposition (#117) to plaintiff's Motion for Order to Show Cause (#114). On April 13, 2009, defendants filed an Opposition (#119) to plaintiff's Motion to Amend Complaint (#116). (Plaintiff filed his Motion to Compel (#118) further responses to discovery request nos. 11-17 on April 2, 2009.)

Plaintiff's request that the court enter default judgment against defendants for ostensible discovery violations is without merit. Plaintiff failed to provide defendants and their counsel adequate time to review and amend defendants' responses to discovery request nos. 11-17. Nor did plaintiff make any effort to follow-up his February 23, 2009 correspondence to defense counsel with regards discovery request nos. 11-17. Further, default sanctions against defendants with respect to discovery request nos. 1-10 are not appropriate. In its July 13, 2009 Order (#135), this court found that defendants timely and, in large part, sufficiently responded thereto. *Id.* at 7. To the extent defendants did not satisfy their obligations under the federal discovery rules, the court ordered defendants to supplement their responses to document request nos. 1-10. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel Discovery (#118) is DENIED.

IT IS ALSO RECOMMENDED that plaintiff's Motion for Rule 37 Sanctions (#122) be denied.

DATED this 14th day of July, 2009.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**